UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CATHY MINIX, Individually and as | ) | |
| Mother and Natural Guardian of S.Z., | ) | |
| and S.Z. individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:04-cv-447 RM |
| | ) | |
| ANDREW PAZERA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER AND OPINION**

On October 26, 2004, Plaintiffs filed their complaint alleging various constitutional

violations, as well as violations of the Indiana Tort Claims Act.  On March 18, 2005, Defendant

Indiana Department of Corrections filed a motion for partial summary judgment alleging that

Plaintiff S.Z. did not exhaust his administrative remedies.  After Plaintiffs served Defendant with

forty-one requests for production and eighteen interrogatories, on March 28, 2005, Defendant

filed a motion for a protective order asserting that none of the discovery requests addressed the

exhaustion of remedies issue.  This Court initially granted Defendant's motion on April 14, 2005,

for a lack of a response to the motion, but later vacated its order after Plaintiffs filed a motion for

reconsideration.  On April 28, 2005, Plaintiffs filed a motion for an extension of time to file a

supplemental response to Defendant's motion for partial summary judgment if this Court denied

Defendant's motion for a protective order. Plaintiffs alleged that the discovery requests may

provide information that is necessary to fully address Defendant's motion for partial summary

judgment.  This Court may rule on these motions pursuant to its referral order and 28 U.S.C. §

636(b)(1)(A).

In this district, every motion concerning discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party opposing the motion in an effort to resolve the matter without court action.  N.D. L.R. 37.1(b).  Local Rule 37.1 requires that "the certification . . .be made in a separate document filed contemporaneously with the motion." N.D. L.R. 37.1(c). This Court "may deny any motion. . . if the required certification is not filed." Id.  Local Rule 37.1 is more than a procedural hurdle over which litigants must jump before bringing their disputes to court.  The rule mandates that parties actually confer in good faith in an attempt to resolve discovery disputes before filing a motion with this Court.  Defendant did not include a contemporaneous discovery certification with its motion.  For this reason alone, Defendant's motion for a protective order [Doc. No. 13] is now **DENIED**.  If after conferring or attempting to confer, the Defendant still believes a protective order is necessary, it may file a renewed motion with a statement that it has complied with L.R. 37.1(b).

In light of this Court ruling on Defendant's motion for a protective order, Plaintiffs' motion for an extension of time to file a supplemental response brief [Doc. No. 21] is **GRANTED**.  If Plaintiffs obtain information that is necessary to defend against Defendant's motion for partial summary judgment, they shall file their supplemental response brief by **June 27, 2005**.  If Plaintiffs have not filed a supplemental response by **June 27, 2005**, the court will consider Defendant's motion for partial summary judgment ripe for ruling.

**SO ORDERED.**

Dated this 27th Day of May, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

2